IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RANDALL WILSON, <br><br> Plaintiff, <br><br> v. <br><br> WAYCROSS POLICE DEPARTMENT, et al., <br><br> Defendants. | CIVIL ACTION NO.: 5:21-cv-60 |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: Plaintiff's claims against the Waycross Police Department.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's excessive force claims against Defendants Crews and Deloach and Plaintiff's Fifth Amendment claims against Defendants Crews and Deloach.

**PLAINTIFF'S CLAIMS**[1]

On July 27, 2021, Plaintiff was pulled over in a routine traffic stop.  Doc. 1 at 4.  After showing his license, Plaintiff was taken out of the car and handcuffed so his vehicle could be searched.  Id.  Plaintiff was waiting on the curb.  At some point, Plaintiff fell over the edge of the

---

[1]  All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

curb. Defendant officers proceeded to taser and hit him repeatedly in the head. Id. Plaintiff was not Mirandized. Id. at 3.

As a result of the force, Plaintiff had swelling on the back of his head, scarring on his forehead from hitting the cement repeatedly, lacerations on both arms, and knees skinned from being dragged. Id. at 5. Additionally, he had puncture wounds and experienced shakes from the taser. Id. Plaintiff seeks money damages, as well as injunctive relief. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I.  **Plaintiff's Claims Against Waycross Police Department**

Plaintiff names the Waycross Police Department in his Complaint, though he does not say what legal wrongs the office committed against him. Doc. 1 at 1. To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same).

Because the Waycross Police Department is a state agency, it is not a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582. For this reason, I **RECOMMEND** the Court **DISMISS** all claims against the Waycross Police Department.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: Plaintiff's claims against the Waycross Police Department. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's excessive force claims against

Defendants Crews and Deloach and Plaintiff's Fifth Amendment claims against Defendants Crews and Deloach.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of March, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA